**LONG ISLAND DRUG CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 238.

Circuit Court of Appeals, Second Circuit.

May 6, 1940.

Otho S. Bowling, of New York City, for petitioner.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and John A. Gage, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

Long Island Drug Company, Inc., in its income tax returns for 1931, 1932 and 1933 claimed as deductions from gross income fixed salaries and percentages of profits paid to officers as compensation. The commissioner struck out the deduction of the amounts representing percentages of profits, and the Board of Tax Appeals held with the commissioner.

The company was in the wholesale drug business. Prior to 1930, 50 percent of the stock was owned by Hyman Alkon, Maurice Alkon and Bernard Mindling, the operating officers, in equal shares; the other 50 percent was owned by the parents of Charles Steinberg. The Steinbergs were discontented and brought an action to dissolve the company. Differences were composed by an agreement whereby important changes in merchandising were to be adopted, Charles Steinberg was to become an officer, and the compensation of the four officers was to be fixed at annual set figures and one-half of the profits. Accordingly, the by-laws were amended in 1931 to provide that the president was to receive annual salary of $13,500 and the other three officers $12,500 each, a total of $51,000, and each of the four officers was to have 12½ percent of the profits as additional compensation. For 1931 the 12½ percent of the profits came to $8,000 for each officer; for 1932 and 1933 the percentage came to $2,500 a year in the case of each officer. The company in its tax returns claimed as deductions from gross income the amounts paid the officers, both as fixed salary and as percentage of profits. The commissioner allowed deduction of the fixed salaries. He disallowed deduction of the percentages of profits and gave notice of deficiency of tax for 1931, 1932 and 1933. The company took the case to the Board. It put in evidence the volume of business done by the company, with gross sales ranging from $1,500,000 to $1,800,000 in these years, and many other facts bearing on the character of the business and the services rendered by the officers. It also put in the testimony of two executives in concerns doing a business comparable to the company's; these witnesses gave it as their opinion that the compensation paid to officers was within reasonable bounds. The company never paid dividends on its stock. The Board held that the burden was on the company to prove that the compensation paid was reasonable, and that it had failed to sustain the burden. Decision was in favor of the commissioner.

 The deductions were claimed under section 23(a) of the Revenue Act of 1928 and section 23(a) of the Revenue Act of 1932, permitting as a deduction from gross income "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." 26 U.S.C.A.Int.Rev.Acts, pp. 356, 489. It may fairly be said in the petitioner's favor that the case is not one where utterly extravagant amounts were paid to officers, in guise of compensation but without real relation to the measure of their services. Botany Mills v. United States, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379. Nor is it a case where the payments bore a close relation to the stockholdings of the recipients and so might fairly be viewed as dividends for purpose of tax, despite the name given to the payments. Twin City Tile & Marble Co. v. Commissioner, 8 Cir., 32 F.2d 229; Am-Plus Storage Battery Co. v. Commissioner, 7 Cir., 35 F.2d 167; Marble & Shattuck Chair Co. v. Commissioner, 6 Cir., 39 F.2d 393. Nevertheless, deduction of the amounts paid to the officers under the profit-sharing arrangement was allowable only if those amounts, added to the set salaries, were no more than "reasonable allowance for salaries or other compensation for personal services actually rendered." The reasonableness of the compensation paid was obviously a question of fact and was for the Board to determine. Wagner & Son v. Commissioner, 9 Cir., 93 F.2d 816; H. Levine & Bros. v. Commissioner, 7 Cir., 101 F.2d 391.

 The petitioner says that the Board made no finding that the compensation paid was unreasonably high. It is true that the Board made no such finding in specific terms. What the Board did do was to hold that with the burden on the petitioner to show that the amounts paid were no more than reasonable, the petitioner's evidence was too weak to carry the burden. We regard this as the equivalent of a specific finding by the Board that the compensation paid, over and above the amount allowed by the commissioner

as deductible, was unreasonably high. The Board was right in holding that the burden of proving that the claimed deduction was proper was on the petitioner. Burnet v. Houston, 283 U.S. 223, 51 S.Ct. 413, 75 L.Ed. 991. The burden was not merely one of going forward with evidence, as the petitioner maintains. And whatever might have been our own views if we had tried the facts, we cannot say that the Board's finding was so clearly out of line with the evidence as to be arbitrary and unfair. It was for the Board to draw inferences, to weigh the evidence and to declare the result. Helvering v. National Grocery Co., 304 U.S. 282, 58 S.Ct. 932, 82 L.Ed. 1346.

Affirmed.