MILLER MFG. CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

No. 5353.

Circuit Court of Appeals, Fourth Circuit.

May 2, 1945.

Collins Denny, Jr., of Richmond, Va. (R. E. Cabell, Cabell & Cabell, and Denny, Valentine & Davenport, all of Richmond, Va., on the brief), for petitioner.

Fred E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Section 23(a) (1) (A) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(a) (1) (A), reads:

"Sec. 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses.

"(1) Trade or business expenses.

"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *."

Under this section, Miller Manufacturing Company, Incorporated (hereinafter called petitioner) claimed, in computing its net income for the taxable years 1940 and 1941, the following amounts paid as compensation to its officers:

of the United States, also without attempting to fix a reasonable compensation for each of the four officers, affirmed the Commissioner's determination. Petitioner has appealed to us.

We must consider three grounds of attack, advanced by petitioner, on the Tax Court's decision: (1) The Commissioner in the first instance, and the Tax Court, in the second instance, should have fixed the reasonable compensation of *each* of petitioner's four officers instead of making an aggregate finding of a lump sum for all of them together. (2) The basing of its decision on petitioner's failure to prove (a) the comparable salaries of officers in similar competitive corporations, (b) the amount of time given by these officers of petitioner to the affairs of the corporation. (3) The Tax Court failed generally to consider all the evidence and particularly disregarded the highly pertinent testimony of the witness, J. L. Camp, Jr.

Elaborate findings were made by the

|  |  | 1940 | 1941 |
|---|---|---|---|
| T. B. Saunders (President) | Fixed | $ 11,000 | $ 11,000 |
|  | Contingent | 24,000 | 30,450 |
|  | Total | $ 35,000 | $ 41,450 |
| H. A. Taylor (Vice-President) | Fixed | $ 11,000 | $ 11,000 |
|  | Contingent | 24,000 | 30,450 |
|  | Total | $ 35,000 | $ 41,450 |
| H. S. Winston, Jr. (Secretary) | Fixed | $ 6,000 | $ 7,500 |
|  | Contingent | 20,000 | 26,250 |
|  | Total | $ 26,000 | $ 33,750 |
| Geo. Wright, Jr. (Treasurer) | Fixed | $ 2,600 | $ 3,600 |
|  | Contingent | 12,000 | 17,850 |
|  | Total | $ 14,600 | $ 21,450 |
| Grand Total |  | $110,600 | $138,100 |

Of these amounts, the Commissioner disallowed as excessive compensation, $69,800 for the year 1940, and $94,000 for the year 1941, and thus allowed petitioner, in computing its net income, to deduct, as compensation to these officers, $40,800 for the year 1940 and $44,100 for the year 1941. In his deficiency notice, the Commissioner disallowed the amounts in question in a lump sum as "excessive compensation * * * paid to the officers of the corporation", without specifying what amount would be a reasonable compensation for each of the four officers. The Tax Court

Tax Court concerning the history, management and business activities of petitioner. We attempt only a brief outline of a few of the most salient facts.

Petitioner was incorporated in 1909 to take over a business previously conducted as a partnership, in which a dominant interest was owned by J. C. Miller, who was president, and a majority shareholder, of the corporation until he died in 1927. The officers, whose compensations are now before us, have for many years constituted a majority of petitioner's board of directors

and, through ownership or proxy, have controlled the vote of a majority of the shares of petitioner's capital stock.

In 1920, petitioner's board of directors adopted a resolution providing additional compensation for the officers, in specified percentages, equal to one-half (½) of petitioner's net earnings in excess of $52,000. Similar resolutions were from time to time adopted. Yet, generally because the profits did not permit, additional compensation was paid to the officers only in the years 1920, 1923, 1924, 1937, 1939, 1940, 1941. These amounts were relatively small, save for the years here in question, 1940, 1941. Petitioner's net profit (before federal taxes) was $159,308.91 for the year 1940, $263,311.45 for the year 1941. The amount of additional compensation accepted by the officers for 1940, 1941 was less than the amount to which they were entitled under the arrangement adopted by the board of directors. From the record before us, it is not altogether clear just how much of this unusual prosperity for 1940 and 1941 was due to the competency of these officers, or how much was due to unusual war contracts and exceptional economic conditions.

■ To receive the benefit of a deduction or exemption from federal income taxes, the taxpayer must bring itself squarely within the statutory provisions granting such a benefit. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 54 S. Ct. 788, 78 L.Ed. 1348; Helvering v. Northwest Steel Rolling Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L.Ed. 29.

■ It is well settled that the question of what constitutes, for the tax deduction here in issue, reasonable compensation to a specific officer of a corporation, is essentially a question of fact, to be determined by the peculiar facts and circumstances in each particular case. H. Levine & Bros. v. Commissioner of Internal Revenue, 7 Cir., 101 F.2d 391; Long Island Drug Co. v. Commissioner of Internal Revenue, 2 Cir., 111 F.2d 593; L. & C. Mayers Co. v. Commissioner of Internal Revenue, 2 Cir., 131 F.2d 309, certiorari denied 318 U.S. 773, 63 S.Ct. 770, 87 L.Ed. 1143. These facts and circumstances vary so widely that each corporate tub must more or less stand upon its own bottom. Shipyard River Terminal Co. v. Commissioner (decided Dec. 9, 1944), 14281 C.C.H. No. 3173; M. W. Parsons Imports and Plymouth Organic Laboratories v. Commissioner (decided Jan. 3, 1945), 14310 C.C.H. No. 3068.

■ A determination by the Commissioner of a reasonable allowance for compensation, in a specific case, carries a clear presumption of correctness and places upon the taxpayer the burden of proving that it is entitled to a deduction larger than that determined by the Commissioner. Crescent Bed Co. v. Commissioner of Internal Revenue, 5 Cir., 133 F.2d 424; Wagegro Corporation v. Commissioner of Internal Revenue, 38 B.T.A. 1225. And the finding here of the Tax Court is binding upon us, if it be supported by substantial evidence. Dobson v. Commissioner of Internal Revenue, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner of Internal Revenue v. Scottish American Co., 323 U.S. 119, 65 S.Ct. 169; Franklin Peanut Co. v. Commissioner of Internal Revenue, 4 Cir., 144 F.2d 979.

■ In the light of the overall picture of the case before us, we cannot say, as we view the whole background and milieu, that the Tax Court was wrong in holding that the petitioner failed to overcome the burden of proof placed upon it. Nor can we say that the record fails to disclose substantial evidence to sustain the Tax Court's finding as to reasonable compensation, for tax purposes, of the petitioner's officers for the years 1940, 1941.

The Tax Court pointed out, among other relevant factors, that of petitioner's net sales, twenty per cent (20%) in 1940, and forty-five per cent (45%) in 1941, were due to war contracts. The salaries of these officers, and dividends and profits of petitioner, were carefully reviewed for a number of years. Quite striking are the modified findings of the Tax Court as to the moderate increases in the wages of petitioner's employees from 1938 to 1941, as contrasted with the very striking increases in the additional compensation awarded to the four officers in question. The Tax Court found: "Furthermore, we note that in 1938 and 1939 petitioner's expenses in the nature of salaries and wages which did not enter into the manufacturing costs and which were paid to employees other than officers amounted to $59,367.77 and $68,075.06, respectively, whereas total compensation paid to officers (also not a manufacturing cost) during 1938 and 1939 was only $30,600 and $38,600, respectively. The significance of this fact is readily apparent when it is noted that in 1940 and 1941 petitioner's expenses in the nature of salaries and wages which do not enter into the cost

of manufacturing amounted to $77,460.73 and $102,049.84, respectively, as compared with the much greater sums paid to petitioner's officers for 1940 and 1941, in the sums of $110,600 and $138,000, respectively."

The record discloses that petitioner owned 1,736 out of 2,000 shares of stock of the Emporia Manufacturing Company, which raises the question (not answered by petitioner) whether these officers worked for, and were paid by, that corporation. At some length, too, the Tax Court reviewed the nature and extent of the services of these officers to petitioner, both for previous years and for 1940 and 1941, the tax years in question.

In view of these considerations, we briefly discuss the contentions of petitioner.

 We fully agree with petitioner that the proper procedure here was for a definite finding by both the Commissioner and the Tax Court of what was reasonable compensation for each officer, rather than the instant finding of an aggregate lump sum for the entire group. And the Tax Court seems to have so held. L. Schepp Co. v. Commissioner of Internal Revenue, 25 B. T. A. 419; Shield Co., Inc. v. Commissioner of Internal Revenue, 2 T. C. 763, 770; Thompson Wire Co. v. Commissioner, 14,339 C.C.H., decided February 9, 1945. But we cannot agree with petitioner that this robs the Commissioner's finding of the presumption of correctness. Nor does it relieve petitioner of the burden of proof. The Commissioner is not obliged to give exact reasons or the precise basis of his determination. Mahler v. Commissioner of Internal Revenue, 2 Cir., 119 F. 2d 869; Weis v. Commissioner of Internal Revenue, 30 B. T. A. 478, 486. Since the aggregate determination fixes the tax, and since we think there is substantial evidence to support this finding, we find here no ground for reversal. And it would serve no useful purpose to remand the case to the Tax Court for specific findings of reasonable compensation for each of the officers involved.

 This brings us to petitioner's second contention. Again we agree partially with petitioner. We think the opinion of the Tax Court unduly stresses the failure of petitioner to prove comparable salaries of officers in similar competitive corporations and the precise amount of time given by its officers to petitioner's business, though certainly both of these are factors highly pertinent to the instant inquiry. It may well be that a half-time president of a corporation, who, by virtue of exceptional training and ability, can make quick and accurate decisions, would merit higher compensation than a dull, full-time president who lacked these desirable qualities. We recognize, too, the petitioner's difficulty in proving comparable competitive salaries, since petitioner, engaged in four separate lines of business (millwork, boxes, lumber, furniture), occupied a rather unique position in the field of industry. Yet, these considerations afford no ground for reversing the Tax Court, in the face of substantial evidence supporting the Court's finding.

 We cannot, finally, agree with petitioner's contention that the Tax Court arrived at its decision under a partial view of the evidence. Nor did that Court completely disregard the testimony of J. L. Camp, Jr.; rather, we think, the Court did not attach to this testimony the weight to which petitioner thought Mr. Camp's evidence was entitled. See Am-Plus Storage Battery Co. v. Commissioner of Internal Revenue, 7 Cir., 35 F.2d 167, 169.

The decision of the Tax Court of the United States is affirmed.

Affirmed.