*Decisions will be entered under Rule 50.*

SMOKY MOUNTAINS BEVERAGE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21778, 26761. Filed September 23, 1954.

*Geo. E. H. Goodner, Esq.,* and *Dewey R. Roark, Jr., Esq.,* for the petitioner.

*Homer F. Benson, Esq.,* for the respondent.

OPINION.

BRUCE, *Judge:* Petitioner contests respondent's determination disallowing the deduction of salaries and bonuses paid to two of petitioner's officers, Holmes and Austin. It contends, and respondent denies, that the deductions represented "a reasonable allowance for salaries or other compensation for personal services actually rendered" within the purview of section 23 (a) (1) (A) [1] of the Internal Revenue Code of 1939. The question is one of fact (*Miller Mfg. Co.* v. *Commissioner*, (C. A. 4) 149 F. 2d 421) and our finding sustaining petitioner's contention is dispositive of the matter.

It is a courageous and extremely difficult task to place a price tag on business advice and guidance. But as the primary service rendered by Holmes and Austin falls within this category, we are called upon to make just such a decision. Considering the business experience and proven ability of the officers involved, the need for sound business and financial advice of a new and rapidly expanding corporation operating at the end of a war period at a time when there was a shortage of its product, the frequency with which these officers conferred with petitioner's president and manager, and the success of the business under their guidance, we think there is no doubt that their advice was of considerable value. In addition to rendering advice, these officers performed a number of other important services for petitioner. We think their advice and services were well worth the modest compensation received. Neither Holmes nor Austin, it is true, devoted a great amount of time to the business. But a part-time officer, having exceptional ability, wide contacts, and a reputation for financial responsibility, might well be worth more to a corporation than a full-time officer lacking these desired qualities. Cf. *Miller Mfg. Co.* v. *Commissioner*, *supra.*

Respondent contends that the services performed by Holmes and Austin were either in connection with their duties as directors, for which fees were allowed, or were rendered gratuitously for the benefit of Brown. Respondent bases his contention upon the fact that the services performed by these two men were not necessarily a part of the duties of the offices whose titles they bore. But section 23 (a) (1) (A) provides for the deduction of compensation paid for personal services actually rendered. It contains no requirement that the services performed coincide with the general understanding of the duties of the

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:
  (a) EXPENSES.—
    (1) TRADE OR BUSINESS EXPENSES.—
      (A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *

office held. Nor does it require that the officer compensated must have specified duties or perform some routine chore. Holmes and Austin rendered certain services and were paid certain compensation. We think it fair to assume that the compensation was paid for the services rendered, and we find no merit in respondent's contention that petitioner distributed earnings in the guise of compensation to officers who performed their services gratuitously. The compensation paid bore no relationship to stockholdings. Cf. *Roth Office Equipment Co.* v. *Gallager*, (C. A. 6) 172 F. 2d 452. And an annual dividend of 6 per cent was paid although the corporation was new and in the process of expansion. Cf. *Marble & Shattuck Chair Co.* v. *Commissioner*, (C. A. 6) 39 F. 2d 393.

Respondent argues that petitioner offered no evidence as to the compensation paid by similar businesses for like services. While such evidence may be indicative of the reasonableness of the compensation paid, no inferences can be drawn from the absence of such evidence where, as here, the services performed and the relationship between the corporation and the officers involved are somewhat unique. *Miller Mfg. Co.* v. *Commissioner, supra.*

The next issue for decision involves the deductibility under section 23 (a) (1) (A) of certain travel expenses in the amount of $447.26 incurred by petitioner's president. Part of the expenses were incurred traveling throughout petitioner's territory checking advertising, securing new advertising sign locations, and visiting customers. These expenditures seem clearly deductible as an ordinary and necessary business expense, and respondent has made no argument to the contrary.

Petitioner's president expended $356.97 on two trips to Nashville and one trip to Chicago in connection with a bill in the Tennessee Legislature raising the tax on beer. Respondent disallowed the deduction of these expenses on the ground that they were incurred for the primary purpose of influencing legislation. Respondent's Regulations 111, section 29.23 (q)–1, provide:

Sums of money expended for lobbying purposes, the promotion or defeat of legislation, the exploitation of propaganda, including advertising other than trade advertising, and contributions for campaign expenses are not deductible from gross income.

The validity of the above provision, the language of which is identical with that of article 262 of Regulations 74, was upheld in *Textile Mills Securities Corporation* v. *Commissioner*, 314 U. S. 326, and it has been held that no expenditure coming within its terms may be permitted as a deduction even under section 23 (a). *McClintock-Trunkey Co.*, 19 T. C. 297, 304 (appeal pending, C. A. 9) ; *Mary E. Bellingrath*, 46 B. T. A. 89; *American Hardware & Equipment Co.* v. *Commis-*

*sioner*, 202 F. 2d 126, certiorari denied 346 U. S. 814. The sole question presented, therefore, is whether or not the expenditures involved in the instant case come within the ambit of the above regulations. We think they do not. The undisputed testimony of Brown refutes respondent's contention that the expenses were incurred in opposing a proposed increase in the tax on beer. The meetings attended in Nashville were held for the purpose of checking the bill at the request of the Department of Finance and Taxation of Tennessee to see that the tax fell ratably on all distributors of beer regardless of the size of the containers used. The Chicago trip was made to compare the bill with similar bills in other States. These activities do not constitute lobbying and, unlike those in *Mary E. Bellingrath, supra; McClintock-Trunkey Co., supra;* and *American Hardware & Equipment Co.* v. *Commissioner, supra,* did not have for their purpose either the promotion or defeat of legislation. They come within neither the letter nor the spirit of the above provision, and accordingly are not to be denied the benefit of section 23 (a) (1) (A).

*Decisions will be entered under Rule 50.*