Estate of Irving B. Cooper, deceased, Sarah C. Masterton, Executrix, and Sarah C. Masterton, formerly Sarah M. Cooper, surviving spouse v. Commissioner. Sarah C. Masterton v. Commissioner. Paterson Vehicle Company v. Commissioner.
Estate of Cooper v. Commissioner
Docket Nos. 82510, 83014, 88029.
United States Tax Court
T.C. Memo 1961-154; 1961 Tax Ct. Memo LEXIS 196; 20 T.C.M. (CCH) 774; T.C.M. (RIA) 61154; May 29, 1961
Sydney I. Turtz, Esq., for the petitioners in Docket Nos. 82510 and 83014. Theodore Tannenwald, Jr., Esq., for the petitioner in Docket No. 88029. John J. Hopkins, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Irving B. Cooper was one *197 of four brothers each of whom owned approximately 25 percent of the outstanding stock in petitioner Paterson Vehicle Company, a New Jersey corporation. He died on March 21, 1954, and his widow, who subsequently remarried, is petitioner in two of these three consolidated cases. Four days after Irving's death, the board of directors of the corporation unanimously adopted the following resolution: WHEREAS, the corporation has suffered a severe shock and loss by the death of Irving B. Cooper on March 21, 1954 WHEREAS, the Board of Directors at its own discretion and volition to show its appreciation for the contributions made by Irving B. Cooper over the many years of service, as an officer and director, in building the corporation to its present high standing RESOLVED, that the salary of $13,800 per year be continued for a period of two years and paid to his widow in recognition of services rendered by him. The questions presented are whether the payments made to the widow pursuant to that resolution in the years 1954, 1955, and 1956 are exempt from income tax in her hands as "gifts", [1] and whether such payments made in 1955 are deductible by the corporation. Both the corporate *198 and the individual income tax returns in issue were filed at Newark, New Jersey. Irving began work for Paterson Vehicle Company in 1920, occupied various executive positions of importance in the affairs of the corporation over the years, and was responsible in considerable measure for its success. The stipulation of facts filed in these cases, as supplemented by evidence presented at the hearing, persuades us that the resolution accurately described the corporation's intentions in continuing the decedent's salary for two years as being "in recognition of services rendered by him." Although there may have been some loose testimony to the contrary, we are satisfied on all *199 the evidence, which need not be recounted here, that such payments did not proceed from a "detached and distinterested generosity", nor were they made "out of affection, respect, admiration, charity, or like impulses". Cf. Commissioner v. Duberstein, 363 U.S. 278, 285. We so find as a fact and find further that these payments were not gifts to the widow, but were intended as additional compensation for services previously rendered by the decedent. Such payments therefore were not excludable from income in the hands of the widow as gifts, cf. Estate of Mervin G. Pierpont, 35 T.C. 65, on appeal (C.A. 4, January 13, 1961), and they were deductible by the corporation. We do not reach the possible question whether the corporation might in any event deduct the payments even if they should be held to be gifts. Decisions will be entered for the respondent in Docket Nos. 82510 and 83014; and decision will be entered for the petitioner in Docket No. 88029. Footnotes
1. Since Irving's death preceded the enactment of the 1954 Code on August 16, 1954, the exclusion of $5,000 of the payments involved under Section 101(b) of the present law is not available to the widow. Section 101(f), I.R.C. 1954. Nor is an exclusion available under the applicable provisions of the 1939 Code, since the amounts were not received "under a contract of an employer providing for the payment of such amounts to the beneficiaries of an employee." Section 22(b)(1), I.R.C. 1939↩.