**SCHNER–BLOCK COMPANY, Inc.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 252, Docket 28527.**

United States Court of Appeals
Second Circuit.

Argued Jan. 29, 1964.

Decided April 2, 1964.

Edward B. Connolly, New York City, for petitioner.

William A. Friedlander, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C.), for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge:

The issue on this petition is whether the taxpayer, a typical family corporation, is entitled to a deduction of $2,400 on its income tax return for the fiscal year ending Ocober 31, 1959 for payments to Florence Schner, widow of the founder of the corporation and holder of 200 shares of its preferred stock. Petitioner claims that this deduction was proper under sections 404(a) (5) and 162 of the Internal Revenue Code of 1954; respondent relies on the Tax Court's ultimate finding that the payments were non-deductible, either as a gift or a dividend to the widow.

The facts as stipulated and as contained in the testimony of Charles Schner, Jr., president of the corporation, were that taxpayer was incorporated in 1947 to take over the business of a partnership and another corporation and engaged in the business of selling and distributing buttons and the material used to make them. Charles Schner Sr. was the founder of the business and was the vice-president of the corporation until January 12, 1954, when he died at the age of 79. Before his death he owned 21% of the corporation's outstanding common stock, and 47.3% of the preferred stock; the balance was owned by his son, Charles Schner, Jr. After his death, Charles, Jr. owned all the common and 58.3% of the preferred; Florence Schner, Charles, Sr.'s widow, owned 33.-3% of the preferred, and Katherine Gutfreund, his daughter, owned 8.3% of the preferred. The directors after his death were Charles, Jr., Florence, and Maxine Schner, wife of Charles, Jr. There is no explanation in the record of the rights and privileges which attached to the preferred and distinguished it from the common, although taxpayer's brief asserts that it was non-voting stock. Petitioner never declared a dividend during its entire corporate existence, although its accumulated earned surplus on October 31, 1959 was $25,517.03, and during the six preceding years was never lower than $22,725.99, on October 31, 1958.

According to Charles, Jr.'s testimony, the board of directors met in Florence's apartment about one month after Charles, Sr.'s death, and passed a resolution to pay Florence the sum of $200 per month for the rest of her life, in appreciation of the services rendered by Charles, Sr. to the corporation and in recognition of the fact that he had re-

duced his salary to assist the corporation in some rough periods. Although Charles, Sr. was fairly active in the business until he died, his widow never took any part therein. She was 78 years old at the date of her husband's death. The corporation in 1952 had voted to pay the widow of its deceased sales manager the sum of $400 per month for the remainder of the year, approximately ten months. There were no records produced for any of the above transactions and occurrences, i. e., the grant of the "pensions" to Mrs. Schner or to the widow of the sales manager.

 The question of the status of corporate payments to a widow of a deceased officer who is herself a shareholder has frequently recurred in the courts. Within a few months of the decision below, the Tax Court decided Oppenheimer Casing Co., T.C.Memo. 1963–216, 22 T.C.M. 1082, and J. Aron & Co., Inc., T.C.Memo. 1963–164, 22 T.C.M. 788, holding payments under different circumstances deductible as additional compensation under section 162; Interstate Drop Forge Co., T.C.Memo. 1963–149, 22 T.C.M. 701, aff'd, 326 F.2d 743 (7 Cir.1964), holding a payment of $32,000 to a widow non-deductible under section 162 but not a dividend; and Rubber Associates, Inc., T.C.Memo. 1963–121, 22 T.C.M. 567 holding such payments distributions of profits. See also Barbourville Brick Co., 37 T.C. 7 (1961); Fifth Avenue Coach Lines, Inc., 31 T.C. 1080 (1959); rev'd in part on other issues, 281 F.2d 556 (2 Cir. 1960), cert.

denied, 366 U.S. 964, 81 S.Ct. 1915, 6 L.Ed.2d 1256 (1961); Lengsfield v. Commissioner, 241 F.2d 508 (5 Cir. 1957); Estate of Cooper, T.C.Memo. 1961–154, 20 T.C.M. 774; John B. Canepa Co., T.C. Memo. 1963–337, 22 T.C.M. 1770. It is obvious that in this area, as in the area whether business "gifts" are income or exempt, it is the Tax Court's function to draw a primary inference from evidentiary facts, which must be sustained on appeal unless it appears wholly unwarranted. Cf. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Darco Realty Corp. v. Commissioner, 301 F.2d 190 (2 Cir. 1962); Union Stock Farms v. Commissioner, 265 F.2d 712, 726 (9 Cir. 1959). In this case, the Tax Court properly held that the fact that on one previous occasion the corporation had voted to continue the salary of a deceased employee for 10 months did not establish that it had a plan within the meaning of section 404(a) (5). We further think that the facts that no dividends had ever been paid on stock, that Florence Schner was a director and holder of one-third of the preferred, that her children owned all the rest of the stock, and that the payments were not limited in time but were to continue for the rest of her life, fully justified the Court's holdings that they were not ordinary and necessary expenses of the business, and so failed to meet the standard of deductibility under section 162 of the Code, but instead were non-deductible dividends.

Judgment of the Tax Court affirmed.