**WILLMARK SERVICE SYSTEM, INC.,**
**Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 22, Docket 30376.**

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1966.

Decided Oct. 26, 1966.

Charles L. Kades, New York City (Clarence Fried and Joseph A. McCue, Attys., and W. Carter Bowles, Jr., New York City, of counsel on the brief), for petitioner.

Morton K. Rothschild, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SMITH, HAYS and FEINBERG, Circuit Judges.

HAYS, Circuit Judge.

Willmark Service System, Inc. petitions for review of a decision of the Tax Court. The memorandum findings of fact and opinion of the Tax Court are not official-

ly reported. We affirm the determination of the Tax Court.

The issue on this petition is whether the taxpayer, a family corporation, is entitled to an income tax deduction of $18,444 for the fiscal year ending December 31, 1959, for payments made to Selma Bernstein, widow of one of the co-founders of the corporation. Petitioner claims that this deduction was proper under Sections 404(a) (5) and 162 of the Internal Revenue Code of 1954. These sections provide:

§ 404. Deduction for contributions of an employer to an employees' trust or annuity plan and compensation under a deferred-payment plan.

(a) General rule.

If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under section 162 (relating to trade or business expenses) or section 212 (relating to expenses for the production of income); but, if they satisfy the conditions of either of such sections, they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year:

* * * *

(5) Other plans.

In the taxable year when paid, if the plan is not one included in paragraph (1), (2), or (3), if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid.[1]

§ 162. Trade or business expenses.

(a) In General.

There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business including—

(1) a reasonable allowance for salaries or other compensation for personal services actually rendered;

The Commissioner relies on the Tax Court's finding that the payments did not meet the statutory requirements for deductibility because they did not represent deferred compensation and were not a "reasonable allowance" for salary.

The facts are not in substantial dispute. Petitioner is a New York corporation engaged in the business of promoting, developing and directing shopping systems and services and establishing procedures for detection and elimination of opportunities for dishonest employee practices in such enterprises. Its

1. See also § 1.404(a)–12 Treasury Regulations on Income Tax (1954 Code):

Contributions of an employer under a plan that does not meet the requirements of section 401(a); application of section 404(a)(5).

Section 404(a) (5) covers all cases for which deductions are allowable under section 404(a) but not allowable under paragraph (1), (2), (3), (4), or (7) of said section. * * * If unfunded pensions are paid directly to former employees, their rights to such payments are nonforfeitable, and accordingly, such amounts are deductible under section 404(a) (5) when paid. Similarly, if amounts are paid as a death benefit to the beneficiaries of an employee (for example, by continuing his salary for a reasonable period), and if such amounts meet the requirements of section 162 or 212, such amounts are deductible under section 404(a) (5) in any case when they are not deductible under the other paragraphs of section 404(a). * * * If an amount is accrued but not paid during the taxable year, no deduction is allowable for such amount for such year. * * *

founders, principal stockholders and officers were two brothers, William and Mark Bernstein. At all relevant times the stock of the corporation was owned equally by the families of the two brothers. During the year 1941 the officers, directors and shareholders of petitioner were as follows:

| Officer | Title | Number of Shares |
|---------|-------|------------------|
| Mark Bernstein | President | 3 |
| William Bernstein | Secretary-Treasurer | 3 |
| Helen Bernstein | Assistant Treasurer | 1 |
| Selma Bernstein | Assistant Secretary | 1 |

Helen was the wife of Mark Bernstein and Selma the wife of William.

On January 27, 1941 petitioner entered into a written agreement with its four officers. This document recited that petitioner's continued prosperity depended upon the services of Mark and William whose salaries were not commensurate with the real value of their efforts. It then provided that Mark and William would serve as long as they were physically able and would at all times be paid equal salaries, to be determined by petitioner's board of directors. In the event of the death of either Mark or William leaving a wife, child, or children, petitioner agreed to pay weekly to such wife, as long as she lived, and thereafter to such child or children, as long as they lived, an amount equal to 50% of the salary paid to the survivor of Mark and William.

William died on February 19, 1953, leaving his widow, Selma, and two children. In May of 1953 the children of Mark and William signed releases, waiving all rights to any payments under the January 27, 1941 agreement. However, the widow received payments equal to one-half of Mark Bernstein's salary from 1953 until 1959 when the Commissioner disallowed the claimed deduction. At that time she had already been paid $114,000 under the plan.

The Tax Court found that the payment in question did not represent deferred compensation. It also held that even if the 1941 agreement provided for deferred compensation, the payments would not qualify as a "reasonable allowance" for salary.

It is settled that in cases involving deferred compensation plans "it is the Tax Court's function to draw a primary inference from evidentiary facts, which must be sustained on appeal unless it appears wholly unwarranted." Schner-Block Co. v. Commissioner of Internal Revenue, 329 F.2d 875, 877 (2d Cir. 1964). In finding that the 1941 agreement did not qualify, the Tax Court rejected the self-serving recital that the salaries of Mark and William were inadequate. Instead the Court noted that the original agreement was not an arms length transaction and would have involved payments during the lives of the surviving wife and children, geared to the future salary of the surviving brother. Its conclusion that this plan was not intended to provide deferred compensation is not "wholly unwarranted," and must therefore be sustained.

Moreover, petitioner had the burden of proof on this issue as well as on the question of whether the payments constituted a "reasonable allowance" for salary. See, e. g., Long Island Drug Co., Inc. v. Commissioner of Internal Revenue, 111 F.2d 593 (2d Cir.), cert. denied, 311 U.S. 680, 61 S.Ct. 49, 85 L.Ed. 438 (1940). Yet it made no attempt to establish that the salaries paid Mark and William were inadequate or that the payments to the widow were reasonable. The bare recital in the 1941 contract, unsupported by any showing of what was

usual or proper in this industry, was justifiably given no weight by the Tax Court.

The judgment of the Tax Court is affirmed.