Tele-Ception of Winchester, Inc. v. Commissioner.
Tele-Ception of Winchester, Inc. v. Commissioner
Docket No. 2150-63.
United States Tax Court
T.C. Memo 1967-238; 1967 Tax Ct. Memo LEXIS 22; 26 T.C.M. (CCH) 1208; T.C.M. (RIA) 67238; November 28, 1967
*22 Held: To the extent disallowed by respondent, the salary paid by petitioner to its president, W. Howes Meade, in each of the fiscal years ended in 1957 and 1958 was not reasonable and is not deductible under the provisions of section 162(a)(1) of the Internal Revenue Code of 1954. W. Howes Meade, for the petitioner. Dennis M. Feeley, for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in the income taxes of the petitioner for the fiscal years ended June 30, 1957, 1958 and 1959, in the amounts of $2,751.73, $3,248.27 and $484.09, respectively. Petitioner claims an overpayment *23 in the amount of $134.86 for the fiscal year ended June 30, 1958. Respondent has conceded that by reason of a net operating loss in the fiscal year ending June 30, 1962, there is no deficiency for the taxable year ended June 30, 1959. Respondent also concedes that by reason of a net operating loss in the fiscal year ending June 30, 1961, the deficiency for the fiscal year ended June 30, 1958, if any is determined by the Court, may be reduced accordingly in a Rule 50 computation. The sole issue for determination is whether the salary paid by petitioner to its president, W. Howes Meade, in the amount of $20,000 for each of the fiscal years ended June 30, in 1957 and 1958, was unreasonable to the extent such salary exceeded $10,000 in each of said years and, therefore, to such extent is not deductible as an ordinary and necessary business expense. Findings of Fact The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Petitioner is a corporation organized in the year 1952 under the laws of the Commonwealth of Kentucky with its principal office and place of business in Winchester, Kentucky. Its Federal income tax returns for the fiscal years *24 ended in 1957, 1958 and 1959 were filed with the district director of internal revenue at Louisville, Kentucky. During the years in issue, petitioner was engaged in the business of maintaining and selling the services of a community television antenna system, which consisted of a tower for receiving television signals, amplifying equipment and cables which conducted the amplified signals to the television receiving sets of individual subscribers to this service. During the calendar years 1956 through 1959, eighty-seven percent of the outstanding stock of petitioner was owned by W. Howes Meade and his wife, Laura H. Meade. W. Howes Meade was president and its sole executive officer. Meade and his wife were directors of the corporation but held no formal directors' meetings and kept no minute books during the years in question. Meade, as sole executive officer, set his own salary, which was determined by the availability of earnings of the corporation. The corporation paid no officers' salaries during the fiscal years ending in 1953 to 1956, inclusive. From the time it was organized in 1952 through June 30, 1959, the corporation never declared or paid any dividends to its stockholders. *25 Other than W. Howes Meade, its president, the corporation had three employees during the years in issue: Glenn White, manager, who was paid a salary of $100 per per week ($5,200 per year); an assistant manager, and a bookkeeper, whose salaries are not shown. Petitioner paid W. Howes Meade, its president, a salary in the amount of $20,000 for each of the fiscal years ended June 30, 1957 and 1958, and $12,000 for the fiscal year ended June 30, 1959. The net income of the petitioner before deduction of the amount paid W. Howes Meade as salary was $21,801.30 for the fiscal year ended June 30, 1957; $21,277.09 for the fiscal year ended June 30, 1958, and $11,402.74 for the fiscal year ended June 30, 1959. During the period from May 1957 through May 1959, W. Howes Meade was employed on a full-time basis as a Zone Commissioner for the Federal Housing Administration, with post of duty in Washington, D.C. His salary was between $12,000 and $13,000 per year. He was Zone Commissioner for Kentucky, Tennessee, Mississippi, Alabama, Georgia, North Carolina, South Carolina, Puerto Rico, the Virgin Islands and the Canal Zone. About one-half of his time was spent outside of Washington, D.C., *26 and about fifteen percent of this time was spent in Kentucky. During the time he was employed by the Federal government, Meade received daily reports from petitioner's manager and communicated with him by long distance telephone approximately once a week. In February 1963, the Meades sold their stock in Tele-Ception of Winchester, Inc., to Thomas J. Gullett, who thereafter became its president and has continued to own and operate the system. He received a salary of $5,200 from petitioner in 1963. Gullett had constructed a community antenna system in Paintsville, Kentucky in 1949 or 1950, which he still owns and operates. He also owns a franchise in Mount Sterling, Kentucky, on which he has spent considerable time, and works for a company which operates some 12 to 14 systems in Kentucky, Tennessee, and Indiana. After purchasing the stock of petitioner, Gullett improved its facilities to include twelve channels instead of only three, on which it had previously operated, and doubled its business. Respondent disallowed as deductions $10,000 of the salary paid W. Howes Meade by petitioner in each of the fiscal years ended in 1957 and 1958, and $2,000 of the salary paid him in the fiscal *27 year ended in 1959. The salary paid by petitioner to W. Howes Meade for each of the fiscal years ended June 30, 1957 and 1958 was unreasonable to the extent it exceeded $10,000 for each of said years. Opinion Section 162(a)(1) of the Internal Revenue Code of 1954 provides that deductions shall be allowed for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including "a reasonable allowance for salaries or other compensation for personal services actually rendered." Petitioner, on its returns for the fiscal years ended in 1957, 1958 and 1959, claimed deductions in the amounts of $20,000 for each of the fiscal years ended in 1957 and 1958, and $12,000 for the fiscal year ended in 1959, as compensation paid to W. Howes Meade, its president, in said years. Respondent disallowed the deductions claimed to the extent they exceeded $10,000 in each of said years. In view of respondent's concession relating to the fiscal year ended in 1959, we need consider only the two years ended in 1957 and 1958. Respondent's determination is presumptively correct and petitioner has the burden of establishing *28 that the amounts paid represented reasonable compensation for services actually rendered. Miller Mfg. Co. v. Commissioner, 149 F. 2d 421 (C.A. 4, 1945); Platt Trailer Co., 23 T.C. 1065, 1067. In our opinion petitioner has not sustained its burden. Petitioner has filed no brief. In its petition, petitioner alleged that from the formation of the corporation in 1952 to June 30, 1956, its chief executive officer was either paid nothing for his services or his expenses, or was paid an amount too small for such services and nothing for expenses and was in fact underpaid, and that the salary received by him (presumably for the years in question) was reasonable. Unlike the situation dealt with by the Supreme Court in Lucas v. Ox Fibre Brush Co., 281 U.S. 115, wherein it was held that reasonable compensation voted and paid for past services is deductible from gross income for income tax purposes, there is no evidence in the present case that the corporation intended any part of the salaries paid in 1957, 1958 and 1959 as compensation for past services. In fact, the board of directors held no formal meetings and kept no minute books. Petitioner's president *29 alone determined the amount of salary he was to receive. Lucas v. Ox Fibre Brush Co., supra, is not applicable. See Brandtjen & Kluge, Inc., 34 T.C. 416, 440. For the purpose of determining whether the salary paid petitioner's president in the fiscal years ended in 1957 and 1958 was reasonable compensation for services actually rendered in those years, we may consider his qualifications, the nature of the services rendered, the results attributable thereto, the gross and net income and financial condition of the corporation, whether the corporation received the undivided attention and full-time services of its president, and whether the amounts paid to him are comparable to the compensation paid by comparable enterprises for similar services. Petitioner offered no evidence as to the salaries paid by other companies engaged in similar enterprises and has not shown that Meade had any special skills or qualifications for the job. He admitted he had no knowledge of electronics and had had no special education or training for this type of work. His description of his duties, as well as of the work of the other three employees, was vague and sketchy. Moreover, *30 during most of the period in question, Meade was employed on a full-time basis by the Federal government in Washington and spent little time in Kentucky on petitioner's business. Although he received daily reports from petitioner's manager and communicated with him by long distance telephone approximately once a week, the evidence presented is far from persuasive that the services rendered by Meade during the years in question were sufficient to justify the salary paid him for those years. We hold that to the extent disallowed by respondent, the salary paid by petitioner to its president, W. Howes Meade, in each of the fiscal years ended in 1957 and 1958 was not reasonable and is not deductible under the provisions of section 162(a)(1) of the Internal Revenue Code of 1954. Decision will be entered under Rule 50.